UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

HENRY LEE MALBROUGH,     Civil Action No. 6: 10-0107
  Individually and on behalf
  of his son, Anthony Campbell     Judge Unassigned

versus     Magistrate Judge Carol B. Whitehurst

CITY OF RAYNE, ET AL.

# REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted [Doc. 111] filed by the following defendants:

- Officer Christopher Cormier, in his official capacity as a police officer for the City of Rayne;

- Chief Carroll Stelly, in his official capacity as Chief of Police for the City of Rayne;

- Jackie Boddye, in her official capacity as a deputy for the Acadia Parish Sheriff's Office;

- George Bradford Ware, in his official capacity as a deputy for the Acadia Parish Sheriff's Office; and

- Officer Joseph Credeur, in his official capacity as a police officer for the City of Rayne.

In the instant motion, the moving defendants argue the claims asserted against them in their official capacities should be dismissed as a matter of law, because such

claims are duplicative of the claims alleged against the City of Rayne, which has been named as a defendant in the lawsuit. The motion is unopposed.

**A.      Factual Background**

The instant lawsuit alleges various causes of action, including civil rights violations under 42 U.S.C. §1983, violations of Campbell and Malbrough's Fourth, Fifth, and Fourteenth Amendment rights, as well as state law tort and constitutional violations. Plaintiffs claim the defendants deprived Anthony Campbell of the following "clearly established and well settled constitutional rights... A) freedom from excessive use of force; B) right to life and liberty; C) right to equal protection; D) right to due process, application of law, and E) other federal and state constitutional guarantees.[1] Plaintiff Malbrough also alleges he suffered a heart attack on the date of the shooting, after witnessing the shooting.[2]

**B.      Legal Standard**

The instant motion is urged under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[1] *See* plaintiff's Complaint, Doc. 1, Section IV, ¶2.

[2] *Id.* at Section VI, ¶4.

547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

**C. Analysis of Claims**

The moving defendants argue the claims asserted against them in their official capacities should be dismissed as a matter of law, because such claims are duplicative of the claims alleged against the municipality, which has been named as a defendant in the lawsuit.[3] The plaintiffs do not oppose the instant motion.

The law is well-settled that "[a] judgment in a §1983 lawsuit against an official in his official capacity imposes liability against the entity he represents." *Deshotels v. Village of Pine Prairie*, 2012 WL 1712358, at *4 (W.D.La. Apr. 13, 2012). Thus:

> ***"a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability".*** Howell v. Town of Ball, 2012 WL 3962387, at *4 (W.D.La. Sept. 4, 2012), citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). **When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them**. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir.2001); *Flores v. Cameron County*, Tex., 92 F.3d 258, 261 (5th Cir.1996). *Broussard v. Lafayette City-Parish Consolidated Government*, 45 F.Supp.3d 553, 572 (W.D.La. Sept. 5, 2014).

Considering the foregoing, and further considering that there is no opposition to the instant motion, the undesigned finds the claims against Deputy Boddye, Deputy

---

[3] Defendants, the City of Rayne and Sheriff Melancon in his official capacity, do not join in the instant motion, as they concede that for "official capacity" or *Monell* claims, they are the proper parties to be named.

4

Ware, Chief Stelly, Officer Cormier, and Officer Credeur in their *official capacities* are redundant and should be dismissed as a matter of law.

**D. Conclusion**

Based on the forgoing analysis, the undersigned RECOMMENDS that the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [Doc. 111], appearing to be well-grounded in law and fact and being unopposed by the plaintiffs, be GRANTED, and that the *official capacity* claims alleged against Deputy Boddye, Deputy Ware, Chief Stelly, Officer Cormier, and Officer Credeur be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

      Signed at Lafayette, Louisiana, this 11th day of October, 2017.

                                                                         **CAROL B. WHITEHURST**
                                                                        **UNITED STATES MAGISTRATE JUDGE**