# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**HENRY LEE MALBROUGH,**     Civil Action No. 6: 10-0107
  Individually and on behalf
  of his son, Anthony Campbell     Judge Unassigned

versus

**CITY OF RAYNE, ET AL.**     Magistrate Judge Carol B. Whitehurst

## MEMORANDUM RULING

Pending before the Court is the Motion to Seal Manual Attachment and Exhibit "E(1)" [Doc. 113] filed by defendants Wayne Melancon, the Acadia Parish Sheriff's Department, Jackie Boddye, George Bradford Ware, the City of Rayne, Christopher Cormier, Carroll Stelly, and Joseph Credeur. In their motion, the defendants

> request that this Honorable Court review certain documents sought to be protected as a matter of law. Alternatively, defendants request a protective and confidentiality order, should the Court rule that the Exhibit E(1) to the Re-urged Joint Motion for Summary Judgment, the relevant excerpts from the Louisiana State Police Report and its attachments and/or exhibits must be produced herein.[1]

Although the motion is couched in terms of "production" of confidential information, it appears from the record that the defendants seek to seal an exhibit – which appears to consists mostly of certain police files – which has been attached to the defendants' Motion for Summary Judgment [Doc. 116] on the issue of qualified

---

[1] *See* Motion to Seal Manual Attachments and Exhibit E(1), Doc. 113, at p. 2.

immunity. Notwithstanding the request to seal, the movants fail to cite to the relevant legal standard by which the undersigned should consider the question of sealing portions of the record, and further fail to argue specifically why the documents in question should be sealed.

The undersigned is mindful of the prevailing view in this circuit that the sealing of records is not absolute. In fact, as a general matter, it is well-settled in the Fifth Circuit that the public has a common law right of access to inspect and copy judicial records. *Carnaby v. City of Houston*, 2008 WL 4546606, *2 (S. D. Tex. Oct. 10, 2008), *citing S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir.1993), *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). *See also Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981). This right of access is not absolute; however, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *S.E.C. v. Van Waeyenberghe*, 990 F.2d at 849, *citing Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987). In deciding whether to seal the court's record, the public's right of access is one of the interests to be weighed. *Belo Broadcasting*, 654 F.2d at 434. "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its

fairness." *Van Waeyenberghe*, 990 F.2d at 849, *citing Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3rd Cir.1988).

The undesigned has done a cursory review of the documents sought to be sealed and notes the majority of the documents in question are internal police investigative files, photographs, and what appear to be deposition transcripts. The movants have not argued why the documents in question are subject to seal, or demonstrated how the defendants' privacy interests in the documents are outweighed by the public's interest in open records as required by the jurisprudence. Until such a showing has been made, the undersigned concludes the instant motion should be denied without prejudice, subject to the ability of the defendants to re-file a properly supported motion.

Considering the foregoing, the Motion to Seal Manual Attachment and Exhibit "E(1)" [Doc. 113] is DENIED WITHOUT PREJUDICE at this time. The defendants are permitted to re-urge the motion in accordance with this Ruling.

Signed at Lafayette, Louisiana, this 11th day of October, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE